# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    PLAINTIFF, | CIVIL ACTION<br>NO. 21-01665 |
| v. | JURY DEMAND |
| BOURNE'S HOUSE, LLC, D/B/A BOURNE'S HOUSE RESTAURANT,<br>    DEFENDANT. | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Lauren Gerald ("Ms. Gerald"). As alleged with greater particularity below, the defendant, Bourne's House, LLC ("Bourne's House"), doing business as Bourne's House Restaurant, discharged Ms. Gerald because of her sex (pregnancy) and refused to rehire her because of her sex (pregnancy).

### JURISDICTION & VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of the United States District Court for the Eastern District of Louisiana pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Bourne's House has continuously been a limited liability company doing business in the State of Louisiana and has continuously had at least 15 employees.

5. At all relevant times, Bourne's House has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this action, Ms. Gerald filed a charge of discrimination ("charge") with the Commission alleging violations of Title VII by Bourne's House.

7. On or about November 16, 2020, the Commission issued to Bourne's House a letter of determination finding reasonable cause to believe that Bourne's House violated Title VII and inviting Bourne's House to join with the Commission

in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Bourne's House to provide Bourne's House the opportunity to remedy the discriminatory practices described in the letter of determination.

9. On or about December 14, 2020, the Commission issued to Bourne's House a Notice of Failure of Conciliation advising Bourne's House that the Commission was unable to secure from Bourne's House a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this action have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least April 18, 2019, Bourne's House has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(a).

    A. Bourne's House is a restaurant.

    B. On April 18, 2019, Ms. Gerald applied in person for a position at Bourne's House.

    C. Suzi Kennedy Bourne ("Ms. Bourne"), a manager at Bourne's House, met with Ms. Gerald.

    D. Ms. Bourne hired Ms. Gerald for a hostess position.

    E. Ms. Bourne told Ms. Gerald to report for work on April 19, 2019.

F. After Ms. Gerald left, Ms. Bourne learned that Ms. Gerald was pregnant.

G. On April 18, 2019, at 8:25 PM, Ms. Bourne sent Ms. Gerald a Facebook message stating: "Hey, I'm sorry to tell you this, but I'm not gonna be able to hire you. I didn't realize that you were expecting a baby. I'm afraid by the time I get you trained good, you'll have to be off to be a mom. I'm sorry." Ms. Gerald did not see the message at that time.

H. On April 19, 2019, Ms. Gerald reported to work.

I. Ms. Bourne asked Ms. Gerald if she had seen her Facebook message, and Ms. Gerald stated that she had not.

J. Ms. Bourne told Ms. Gerald that the position was not suitable for Ms. Gerald because she was pregnant.

K. Ms. Bourne discharged Ms. Gerald.

L. Ms. Bourne told Ms. Gerald that she should re-apply after she gave birth.

M. Ms. Gerald was pregnant on April 19, 2019.

N. On August 23, 2019, Ms. Gerald again applied in person for a position at Bourne's House.

O. Someone at Bourne's House, but not Ms. Gerald, added the word "pregnant" to Ms. Gerald's application after Ms. Gerald submitted it to Bourne's House.

P. Bourne's House did not rehire Ms. Gerald.

    Q.    Ms. Gerald was pregnant on August 23, 2019.

12.    The effect of Bourne's House's unlawful employment practices complained of above has been to deprive Ms. Gerald of equal employment opportunities and otherwise adversely affect her status as an applicant or employee because of her sex (pregnancy) in violation of Title VII.

13.    The unlawful employment practices complained of above were intentional.

14.    Bourne's House acted with malice and/or reckless indifference to the federally protected rights of Ms. Gerald when it engaged in the unlawful employment practices complained of above.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Bourne's House its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its applicants or employees on the basis of sex (pregnancy).

    B.    Order Bourne's House to institute and carry out policies, practices, and programs that provide equal employment opportunities for pregnant women and that eradicate the effects of its past and present unlawful employment practices.

    C.    Order Bourne's House to make whole Ms. Gerald, by providing appropriate backpay with prejudgment interest, in amounts to be determined

at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

    D.    Order Bourne's House to post and keep posted the notices required by Title VII, 42 U.S.C. § 2000e-10(a).

    E.    Order Bourne's House to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Title VII, 42 U.S.C. § 2000e-8(c).

    F.    Order Bourne's House to make whole Ms. Gerald by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job-search and medical expenses, in amounts to be determined at trial.

    G.    Order Bourne's House to pay punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Respectfully submitted,

**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity
Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Phone: (713) 651-4970
Fax: (713) 651-4995
Texas Bar No. 19523560

**Gregory T. Juge**
Supervisory Trial Attorney
U.S. Equal Employment Opportunity
Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 676-8239
Fax: (504) 595-2886
Louisiana Bar No. 20890

/s/ Andrew B. Kingsley
**Andrew B. Kingsley (Lead)**
Trial Attorney
U.S. Equal Employment Opportunity
Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 208-8661
Fax: (504) 595-2886
Louisiana Bar No. 35865

COUNSEL FOR U.S. EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

Reginald Bourne
o/b/o Bourne's House, LLC
26270 Hwy 62
Franklinton, La 70438