**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>         PLAINTIFF, | CIVIL ACTION NO. 21-CV-1665 |
| V. | DISTRICT JUDGE SUSIE MORGAN |
| BOURNE'S HOUSE, LLC<br>         DEFENDANT. | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |

**CONSENT DECREE**

INTRODUCTION

The Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brought this action against the Defendant, Bourne's House, LLC under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Lauren Gerald. The EEOC's complaint alleged that Bourne's House, LLC discriminated against Ms. Gerald because of her pregnancy. The EEOC's complaint arose from Ms. Gerald's charge of discrimination ("charge"), alleging the same. Prior to filing its complaint, the EEOC issued a letter of determination ("determination"), stating that there was reasonable cause to believe that Bourne's House, LLC violated Title VII. The EEOC issued a notice of conciliation failure after it was unable to secure a resolution acceptable to it.

JURISDICTION & VENUE

In the interest of avoiding the costs and burdens of further litigation and, having engaged in negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

1

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action was authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Venue lies in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because as alleged in the complaint the unlawful employment practices were and are now being committed in Louisiana.

The parties agree that this Court has personal jurisdiction over them. Bourne's House, LLC agrees that all conditions precedent under the law have been met.

The parties waive a hearing.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is **ORDERED, ADJUDGED, AND DECREED**:

GENERAL

1. This Decree resolves all claims and issues raised in Ms. Gerald's charge, the EEOC's determination regarding that charge, and the EEOC's complaint in this action.

2. The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim and/or issue arising from any other charge of discrimination against Bourne's House, LLC.

3. The parties shall each bear any costs and attorneys' fees they incurred in connection with this action, except that Bourne's House, LLC may be required to bear any costs and attorneys' fees the EEOC incurs in enforcing this Decree. Bourne's House, LLC will bear all costs and attorneys' fees necessary for them to comply with this Decree.

4. This Decree constitutes a judgment against Bourne's House, LLC

5. This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree. Further, this action will not be dismissed during the duration of this Decree.

6. This Consent Decree represents the complete understanding among the parties regarding the matters discussed herein.

7. If one or more provisions of this Consent Decree are deemed or rendered unlawful or unenforceable, the parties shall attempt to meet and confer in good faith to decide if and how such a provision shall be amended to effectuate its purposes of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

8. The parties shall take all steps necessary to effectuate the terms and conditions of this Consent Decree. A party seeking to amend the Decree shall attempt to meet and confer with the others in good faith before making a request that the Court amend the Decree.

## DEFINITIONS

9. The following definitions apply herein:

    A. "Bourne's House, LLC" means and refers to the Defendant, and its predecessors, successors and assigns, and agents. Bourne's House, LLC operates a restaurant called "Bourne's" or "Bourne's House" in Franklinton, Louisiana, and another restaurant called "Ramie's" in Bogalusa.

    B. "EEOC" means the Plaintiff, the U.S. Equal Employment Opportunity Commission, an agency of the United States.

    C. "Parties" mean the EEOC and Bourne's House, LLC.

  D. "Charge" or "charge of discrimination" means Ms. Gerald's charge of discrimination and amended charge of discrimination, No. 461-2020-00673.

  E. "Ms. Gerald" means Lauren Gerald, the Charging Party who filed the charge of discrimination.

  F. "Days" means calendar—not business—days.

  G. "Effective date" or "date of entry" means the date the Court enters this Decree.

  H. "Court" refers to the United States District Court for the Eastern District of Louisiana.

  I. "Consent Decree" and "Decree" mean this order.

  J. "Liaison" means the representative appointed by Bourne's House, LLC to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of the terms and conditions of the Decree.

## FINDINGS OF FACT

10. Bourne's House, LLC admits that it discriminated against Ms. Gerald because of sex (pregnancy), as the EEOC alleged in its Complaint, in violation of Title VII. Bourne's House, LLC admits to the facts set forth in R. Doc. 30-3 (the EEOC's Rule 56.1 Statement of Uncontested Facts in Support of Motion for Partial Summary Judgment), attached and incorporated herein as Exhibit A. Bourne's House, LLC does not contest the EEOC's motion for partial summary judgment (R. Doc. 30).

11. The Court finds the facts set forth in R. Doc. 30-3 to be established for purposes of this matter.

12.     The Court, having considered all the circumstances, hereby enters judgment that Bourne's House, LLC, violated Title VII by discriminating against Ms. Gerald because of pregnancy.

13.     Bourne's House, LLC has consented to the entry of this Consent Decree and has waived any right of appeal with respect thereto.

## DURATION

14.     This Consent Decree will remain in effect for a period of five years from the date of its entry.

## SCOPE

15.     This Decree applies to all businesses and locations operated by Bourne's House, LLC, including the restaurants doing business as Bourne's House and Ramie's Seafood.

## PAYMENTS

16.     Bourne's House, LLC, on its own or through its designee, shall pay total, exclusive, and voluntary monetary relief totaling $30,000.00 to settle the claims asserted by EEOC in its Complaint.  The $30,000.00 shall represent non-wage damages (pursuant to 42 U.S.C. § 1981a) for the Charging Party.  Such payment, as detailed below, shall be made to Charging Party, Lauren Gerald.

17.     The payments shall be made by cashier's checks and pursuant to the installment plan schedule set forth in Exhibit B.  The first payment shall be for $8,000.00 payable within 21 days of the entry of this Decree. If any due date on Exhibit B falls on a weekend or legal holiday, then Bourne's House, LLC shall deliver the cashier's check such that Ms. Gerald receives it not later than the last business day preceding the due date on Exhibit B.

18.     Bourne's House, LLC shall issue an annual IRS Form 1099 for all such payments made in each applicable tax year and shall make no withholding from this amount.

19. Bourne's House, LLC, on its own or through its designee, shall send the cashier's checks to by certified U.S. mail at the address provided on the Release (attached as Exhibit C) executed by Ms. Gerald.

20. Within five days of sending the cashier's checks to Ms. Gerald, Bourne's House, LLC, on its own or through its designee, shall send a copy of that cashier's check to the EEOC in the manner specified for notice under this Decree.

21. Bourne's House, LLC, on its own or through its designee, shall also timely send any and all appropriate U.S. Internal Revenue Service forms (for instance, forms 1099) to Ms. Gerald via regular U.S. mail at the address on the Release.

## SECURITY PROVISIONS

22. In consideration for granting the installment payment schedule, Bourne's House, LLC agrees that, in the event it fails to make a scheduled payment and cure such failure within five business days of the Commission's written notice of non-payment, the total amount of Settlement Funds set forth above, less the money paid to Lauren Gerald, shall become immediately due and payable.

23. Bourne's House, LLC acknowledges that the total amount of monetary relief is a debt owed to and collectible by the United States.

24. The Commission reserves the right to file suit in Federal District Court seeking contempt sanctions for the non-payment and any other relief authorized under law to enforce Defendant's obligation to fully compensate Lauren Gerald pursuant to the terms of this Decree.

25. At least two members or officers of Bourne's House, LLC, expressly agrees to be bound by this Decree. In particular, Suzi Bourne and Rammie Bourne (collectively, the "guarantors") expressly agrees to fully execute the Surety Agreements and real property Mortgage, attached

hereto as Exhibit D, Exhibit E, and Exhibit F, and send the EEOC the fully executed Surety Agreements and Mortgage via certified U.S. mail in the manner specified for notice under the Decree and within three days of entry of this Decree. Bourne's House and the guarantors represent to this Court that the real property identified in Exhibit F has equity (net value) which exceeds the amount of the instant Judgment, to-wit, $30,000. Bourne's House, LLC and the guarantors agree that they will not, after execution of this Decree, further encumber the real property identified in Exhibit F in such a manner as to reduce their equity in said property to less than the outstanding amount of this Judgment at that time.

26. Bourne's House, LLC represents and warrants that it has no intention of filing for bankruptcy within the next 90 days and that it has no knowledge, information or belief that any other entity intends to file an involuntary petition for bankruptcy of Bourne's House, LLC. Should Bourne's House, LLC file for bankruptcy during the five-year duration of the Consent Decree, all outstanding Settlement Funds shall become immediately due and payable and shall be listed as a priority debt in all of the bankruptcy proceedings.

NONDISCRIMINATORY PRACTICES

27. Bourne's House, LLC shall take appropriate affirmative steps to ensure that it does not discriminate based on sex or pregnancy in hiring, in the discharge of employees, or in the terms and conditions of employment.

28. Bourne's House, LLC is hereby enjoined from engaging in, encouraging or permitting conduct that discriminates against employees on the basis of sex, including but not limited to discrimination on the basis of pregnancy.

29. Bourne's House, LLC is hereby enjoined from retaliating against any employee or applicant who (1) has filed any charge of discrimination with the EEOC, (2) has participated or

participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, or (4) has engaged in protected activity under Title VII.

LIAISON

30. Within 15 days of the entry of this Decree, Bourne's House, LLC shall designate a liaison, and within 15 days of the removal, resignation, or incapacitation of that or a subsequent liaison, Bourne's House, LLC shall designate another liaison. The liaison shall be a senior manager or officer of Bourne's House, LLC who possesses the knowledge, capability, and resources to ensure that Bourne's House, LLC complies with the terms and conditions of the Consent Decree.

31. Bourne's House, LLC shall designate the liaison by providing the EEOC with a declaration from Bourne's House, LLC's chief officer or member-manager that states the liaison's name, job title, mailing address, email address, and telephone number and which states that (a) Bourne's House, LLC has assigned the liaison responsibility for ensuring that it complies with the Decree, (b) that the liaison has authority to act on Bourne's House, LLC's behalf with regard to the Decree, (c) that any act or failure to act by the liaison will be attributable to Bourne's House, LLC, and (d) that the liaison directly reports to and is supervised by Bourne's House, LLC's chief officer.

32. Within 45 days of designating a liaison, Bourne's House, LLC will provide the liaison with a training session on the terms and conditions of the Decree, to be conducted by an attorney with at least five years' experience in employment discrimination practice.

33. Within 15 days of the training session, Bourne's House, LLC shall provide the EEOC with a declaration by the liaison affirming that the liaison attended the training session and is familiar with the terms and conditions of the Consent Decree.

## REPORTS

34. Within 45 days after the first anniversary of the entry of the Decree and at least 30 days before each subsequent anniversary of the entry of the Decree, Bourne's House, LLC shall, through the liaison, provide the EEOC with a report containing, but not limited to, the following:

    A. A declaration by the liaison affirming that Bourne's House, LLC has complied with all terms and conditions of the Decree or, if it has not, explaining why it has not and how it will remedy their failure to comply. The declaration shall itemize all steps taken under this Consent Decree since the entry of the Decree or the submission of the prior report, whichever is later.

    B. All anti-discrimination policies enacted, modified, or revoked since the last report.

    C. A list of all employees who received training required under this Decree containing the employees' names, job titles, facility, and the date, time, and location that they received the training.

    D. A list of all employees who did not receive training required under this Decree containing the employees' names, job titles, and facility.

    E. All documents related to any report or complaint — whether formal or informal, written or oral — of discrimination based on sex.

    F. All materials relating in any way to the decision not to hire, or the decision to discharge, any employee who was known by Defendant to be pregnant at the time of said

decision.  As to each such instance, Defendant shall set forth an explanation of the facts and circumstances of the matter and its reasons for taking the adverse action against the pregnant person.

TRAINING

35. Within 120 days of the entry of the Decree and at least 60 days before each anniversary of the entry of the Decree, Bourne's House, LLC shall provide each of its employees with a two-hour training advising them of the requirements and prohibitions of the various anti-discrimination laws and regulations enforced by the EEOC, with emphasis on the Title VII, specifically to include the following:

    A. Summary of the EEOC's Complaint and this Consent Decree.

    B. The purpose and fundamentals of Title VII.

    C. Employees' and applicants' rights under Title VII.

    D. Bourne's House, LLC's responsibilities under the Title VII.

    E. Procedure for reporting discrimination and retaliation to Bourne's House, LLC

    F. Procedure for reporting discrimination and retaliation to the EEOC.

36. The training sessions shall be in person or via live videoconference in which all participants are able to simultaneously hear and see the presenter (and any slides) and the presenter is able to simultaneously hear and see all participants and in which participants are able to ask questions and the trainer is able to provide contemporaneous answers.

37. At least 60 days before each training session, Bourne's House, LLC shall provide the EEOC with the name and resume of the trainer, the outline for the training, and the materials for the training. The trainer shall be an attorney with at least five years' experience in employment discrimination practice. The EEOC may reject the trainer, the outline, or the materials within 14

days. If the EEOC does so, Bourne's House, LLC shall provide the EEOC with the name and resume of a new trainer, a new outline, and/or new materials, as necessary, within seven days.

38.     Within 15 days after each training session, Bourne's House, LLC shall provide the EEOC a sign-in registry for the training session and a declaration by the liaison affirming that all employees attended the training session.

## POLICIES

39.     Beginning within 90 days from the entry of this Decree, Bourne's House, LLC shall reduce to writing and maintain a policy or policies that, at a minimum, meets the following criteria:

    A.     Shall prohibit discrimination against any employee and/or applicant in violation of the Title VII, including express provisions concerning pregnancy discrimination.

    B.     Shall prohibit any act, policy, or practice that has the effect of discriminating against any employee and/or applicant in violation of the Title VII.

    C.     Shall provide a process for employees and applicants to report or complain about discrimination prohibited by the Title VII and provide a process by which Bourne's House, LLC will investigate and resolve all such reports and complaints.

    D.     Shall provide that a senior manager will oversee an investigation into and resolution of all reports and/or complaints about discrimination, harassment, and retaliation prohibited by Title VII, and that Defendant shall take prompt, appropriate, remedial if discrimination is found.  Defendant shall provide a timely and detailed report to the complaining party, explaining the results of the investigation and the actions that will be taken as a result of the investigation.

      E.      Shall provide that anyone who engages in discrimination or retaliation prohibited by Title VII will be disciplined, up to and including discharge.

40.      Bourne's House, LLC, shall distribute copies of the policy or policies to all employees. A copy of the policy or policies shall be included in any relevant company or employee manual or handbook, and shall be provided and explained during any new employee onboarding process. The policy or policies shall be kept and maintained in a conspicuous and accessible place for all employees.

41.      Within 15 days of implementing, modifying, or revoking any such policy, Bourne's House, LLC shall provide the EEOC with the policy.

## Records

42.      Bourne's House, LLC shall preserve and maintain all documents, electronic or otherwise, that might be relevant to this action or this Decree, regardless of whether they are discoverable or admissible in this action, including any reports made pursuant to the Decree

43.      Bourne's House, LLC shall comply with the recordkeeping and reporting requirements under federal law, including those contained in the statutes and regulations enforced by the EEOC. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by law.

## Monitoring

44.      Bourne's House, LLC, for the duration of this Consent Decree, shall, upon reasonable notice, make employees available for interviews for purposes of determining and/or monitoring Bourne's House, LLC's compliance with this Decree.

45. Bourne's House, LLC shall comply with all reasonable requests by the EEOC for documents which are related to its monitoring of compliance with this Decree.

## COMMUNICATION

46. Bourne's House, LLC shall send all communications (including, but not limited to, all notices, reports, information, declarations, etc.) related to or required by this Decree to the EEOC through the Liaison or Bourne's House, LLC's attorneys of record via email to **all** of the following addresses:

> peter.theis@eeoc.gov
> andrew.kingsley@eeoc.gov
> elizabeth.owen@eeoc.gov
> gregory.juge@eeoc.gov
> johnny.lundie@eeoc.gov

(The EEOC may, from time to time, unilaterally add or remove addresses from this list or alter the method by which it seeks to receive such communications.) Only an acknowledgment from the EEOC via email (or regular United States mail) constitutes proof of receipt of such communications.

## POSTINGS

47. Within 10 days of the entry of this Decree, Bourne's House, LLC shall post a Notice to Employees, attached hereto as Exhibit G, enlarged to at least 11 by 17 inches, in all locations in the place where other notices to employees and/or applicants are customarily posted. It shall remain there for the duration of this Decree.

## SUCCESSORS

48. Bourne's House, LLC shall provide notice to the EEOC and shall provide a copy of this Decree to any natural or juridical person acquiring, merging with, or becoming an owner, member, or manager of Bourne's House, LLC at least 90 days prior to the effectiveness of such acquisition, merger, ownership, management, or membership.

ENFORCEMENT

49. The EEOC may seek immediate relief at any time from the Court if Bourne's House, LLC fails to comply with any term or condition of the Decree. If the EEOC requests such relief and the Court determines that Bourne's House, LLC failed to comply with any such a term or condition, the Court may (1) fine it, (2) hold it, as well as its owners, members, managers, and agents, in contempt, (3) set aside this Decree, reinstate this action, and set this action for trial on issues of relief and remedy (liability having been established by this judgment), (4) provide any other relief available under the Decree or the law; and/or (5) take any other action the Court deems necessary and appropriate, including an award of costs and attorneys' fees.

50. The parties and the Court agree that if the Court finds Bourne's House, LLC to have willfully violated the Decree, the Court is empowered to impose appropriate monetary relief, consistent with Title VII and the inherent powers of the Court, to further the purposes of Title VII and of this Decree.

In New Orleans, Louisiana, this ____25th____ day of _____May_____ , 2022.

_____Susie Morgan_____
UNITED STATES DISTRICT JUDGE